IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CR-215-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| AKIL NEVILLE PENDENQUE-ALCINDOR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss the indictment for failure to state an offense. (DE 49). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny defendant's motion. Defendant timely filed objections. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and denies defendant's motion.

**BACKGROUND**

Indictment filed May 27, 2021, charges defendant with one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. Defendant filed the instant motion to dismiss the indictment July 4, 2023, on the ground that 18 U.S.C. §§ 922(g)(1) is unconstitutional as applied to him, and filed a notice of additional authority July 6, 2023, relying upon a decision by the United States District Court for the Southern District of Mississippi. According to his motion, defendant previously has been convicted of three felonies, "including theft by unlawful

taking or disposing and unlawful possession of a firearm (2009), unlawful possession of a weapon (2013), and manufacturing, distributing, or possessing with intent to distribute heroin (2016)." (DE 49 at 1). The government responded in opposition July 18, 2023, and the M&R and objections followed.

## COURT'S DISCUSSION

A.  Standard of Review

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12. At any time before trial, a defendant can raise a motion asserting "a defect in the indictment or information, including: . . . failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B).

The court may "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition [of a motion to dismiss indictment]." 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

Defendant contends that the indictment should be dismissed where "the court lacks jurisdiction over the offense alleged therein or . . . based on a defect in the indictment, pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v)," arguing that 18 U.S.C. 922(g) is unconstitutional as applied to defendant. (DE 49 at 1). Defendant in his objection argues that the plain text of the Second Amendment covers defendant's conduct, and the government therefore should have been required to prove that § 922(g)(1) is consistent with the nation's historical tradition of firearm regulation. (See DE 53 at 1). The court disagrees.

The Second Amendment to the Constitution provides that a "well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Section 922(g)(1) makes it unlawful for "any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to . . . transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm." The United States Supreme Court repeatedly has emphasized the compatibility of this country's "longstanding prohibition[] on the possession of firearms by felons" with the Second Amendment. District of Columbia v. Heller, 554 U.S. 570, 626 (2008); see also McDonald v. City of Chicago, 561 U.S. 742, 786 (2010) ("We made clear in Heller that our holding did not cast doubt on such longstanding regulatory measures as [the] prohibition[] on the possession of firearms by felons.")[1]

In Bruen, the Supreme Court determined

> the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then

---

[1] Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

> may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

New York State Rifle and Pistol Association, Inc. v. Bruen, 142 S. Ct. 2111, 2126 (2022). That case, however, did not overrule Heller or McDonald or their approval of felon disarmament statutes. See id. at 2125-29. In addition, two concurring Justices explicitly recognized that "the Second Amendment allows a variety of gun regulations," including "prohibitions on the possession of firearms by felons." Id. at 2162 (Kavanaugh, J. and Roberts, J., concurring). The test articulated in Bruen therefore did not disturb the presumptive validity of § 922(g) or impose a burden on the government to demonstrate that the law is consistent with the Nation's traditions.

Defendant relies on Range v. Attorney General of the United States, in which the United States Court of Appeals for the Third Circuit sitting en banc held that the government was required to show that § 922(g)(1) was consistent with the Nation's historical tradition of firearms regulation when it sought to prohibit an individual with a misdemeanor conviction for misrepresenting his income on an application for food stamps from possessing a firearm. 69 F.4th 96, 98, 106 (3d Cir. 2023). That court held that the Bruen test should be applied to those with felony or felony-equivalent convictions notwithstanding dicta in Heller, McDonald, and Bruen itself suggesting Second Amendment protections apply only to "law-abiding, responsible citizens." Id. at 102. A circuit split on this issue exists, and the Fourth Circuit has not yet offered an opinion. See Vincent v. Garland, No. 21-4121, 2023 WL 5988299, at *3-4 (10th Cir. Sept. 15, 2023) (finding that Bruen did not abrogate circuit precedent holding § 922(g) constitutional); United States v. Racliff, No. 22-10409, 2023 WL 5972049 (5th Cir. Sept. 14, 2023) ("[T]here is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional and . . . it is not clear that Bruen dictates such a result[.]"); United States v. Sitladeen, 64 F.4th 978, 984 (8th Cir. 2023) (finding its doctrine that the Second Amendment does not cover any conduct by those unlawfully present in the country

"undisturbed by Bruen"); Atkinson v. Garland, 70 F.4th 1018, 1022 (7th Cir. 2023) (holding that courts "must undertake the text-and-history inquiry the [Supreme] Court so plainly announced and expounded upon at great length" when deciding whether § 922(g)(1) is constitutional as applied to a particular defendant). The Fourth Circuit has, however, held § 922(g) to be "presumptively lawful" when applied to those with felony convictions. United States v. Moore, 666 F.3d 313, 320 (4th Cir. 2012). Where Bruen did not explicitly overrule the presumptive validity of § 922(g)(1) in Moore and Heller, and where two concurring justices explicitly approved felon in possession laws, Moore continues to be binding on this court. Defendant's reliance on Range therefore is misplaced.

## CONCLUSION

Based on the foregoing, the recommendation of the M&R is adopted and defendant's motion to dismiss the indictment (DE 49) is DENIED.

SO ORDERED, this the 24th day of October, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

5

Case 5:21-cr-00215-FL   Document 64   Filed 10/24/23   Page 5 of 5